KPP III CCT LLC v Douglas Dev. Corp. (2023 NY Slip Op 06216)

KPP III CCT LLC v Douglas Dev. Corp.

2023 NY Slip Op 06216

Decided on December 05, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2023

Before: Kern, J.P., Gesmer, Moulton, Kennedy, Higgitt, JJ. 

Index No. 653945/21 Appeal No. 1157 Case No. 2023-00440 

[*1]KPP III CCT LLC, Plaintiff-Appellant,
v
Douglas Development Corporation et al., Defendants-Respondents.

The David R. Smith Law Group PLLC, New York (David R. Smith of counsel), for appellant.
Phillips Lytle LLP, New York (Steven B. Salcedo of counsel), for respondents.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered September 8, 2022, which denied plaintiff's motion for leave to file an amended complaint and dismissed the underlying action, unanimously affirmed, without costs.
New York courts have general jurisdiction over a corporate defendant when the defendant is incorporated or has its principal place of business in New York, or, in an "exceptional case," when its ties to New York are so continuous and systematic as to render it essentially "at home" in New York (Aybar v Aybar, 37 NY3d 274, 289 [2021]). Neither Douglas Development Corporation (Douglas) nor Jemal's Centre City, LLC (JCC) was "essentially at home" in New York, as Douglas was organized under the laws of Washington, DC, JCC was organized under the laws of Pennsylvania, and both entities had their principal place of business in Washington, DC. There is also no general jurisdiction over Douglas based on the location of its subsidiaries in New York. The "mere department analysis applies only if the parent company is subject to general jurisdiction in the forum" (SPV OSUS Ltd. v UBS AG, 114 F Supp 3d 161, 169 [SD NY 2015], affd 882 F3d 333 [2d Cir 2018]). Here, Douglas, the parent company, is not subject to general jurisdiction in New York. Moreover, plaintiff did not allege that Douglas interfered with the selection and assignment of the alter egos' executive personnel, or that it failed to observe corporate formalities, or that it controlled the alter egos' finances (Wolberg v IAI N. Am., Inc., 161 AD3d 468, 468 [1st Dept 2018]).
Plaintiff also failed to demonstrate specific jurisdiction over Douglas and JCC through the actions of Matthew Jemal. New York courts may exercise specific jurisdiction pursuant to CPLR 302 where (i) the defendant conducted sufficient activities to have transacted business within the state and (ii) the plaintiff's claims arise from the transactions (English v Avon Prods., Inc., 206 AD3d 404, 406 [1st Dept 2022]). The proposed amended complaint alleged that defendant Matthew Jemal improperly denied a third-party access to the Pennsylvania property while he was allegedly in New York. These allegations, even if taken as true, were insufficient to show that Jemal "engaged in purposeful activities in this State in relation to [the] transaction [sued upon] for the benefit of and with the knowledge and consent of [these other] defendants and that they exercised some control over [him] in the matter" (FIA Leveraged Fund Ltd. v Grant Thornton LLP, 150 AD3d 492, 494 [1st Dept 2017] [internal quotation marks omitted]). As the motion court observed, the required New York nexus is still not present as this case arose from property in Pennsylvania, a
foreclosure that occurred in Pennsylvania state court, and an NDA that was electronically signed in Washington, D.C.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2023